1  Glenn L. Moss (State Bar No. 44307)
2  Ann Murphy (State Bar No. 66947)
   MOSS and MURPHY
3  1297 B Street
   Hayward, CA 94541
4
   Tel. 510-583-1155
5  Fax. 510-583-1299

6  Patricia Turnage [State Bar No. 127873]
   1260 B Street, Ste. 140
7  Hayward, CA 94541
   Tel. 510-727-6752
8  Fax. 510-727-6751

9  Attorneys for Plaintiff
   EUEL ALLEN

10

11                    UNITED STATES DISTRICT COURT

12

13                    NORTHERN DISTRICT OF CALIFORNIA

14
   EUEL ALLEN
15
           Plaintiff,
16                                        Case No: C09-02507 SC

17  vs.                                   OPPOSITION TO REQUEST
                                          FOR TAKING JUDICIAL
18                                        NOTICE OF CHERRY PICKED
    UNITED FINANCIAL MORTGAGE             DOCUMENTS IN 12(b)(6)
19  CORP., ALLIANCE BANCORP,              MOTION
    MORTGAGE ELECTRONIC
20  REGISTRATION SYSTEMS, INC.,
    CALIFORNIA RECONVEYANCE               DATE: SEPT 11 2009
21  CO.; GMAC MORTGAGE;                   TIME: 10:00 A.M.
    JP MORGAN CHASE BANK                  COURT: 1 (17TH FLOOR)
22  AND DOES 1-25, INCLUSIVE,

23         Defendants
   _____/
24

25         Plaintiff, Euel Allen, responds to the Request

26  For Judicial Notice as follows:

27         1.   Plaintiff has no objection to consideration

28  of the documents referenced by defendant under the title

    "Trust Transfer Deed". However, plaintiff observes that

                              -1-

defendant has actually attached documents with three titles under this paragraph. These documents are: [A] Revocable Intervivos Trust of Thomas Johnson Jr. signed 2-4-02 by Thomas Johnson Jr. and Euel Allen. It is unclear whether this document was signed February 4, 2002 or on the second day of April, 2002. [B] On September 16, 2003 Euel Allen signed a Declaration of Death of Settlor; and [C] On December 5, 2003 a document titled "Trust Transfer Deed was recorded. It is the position of plaintiff that all three documents should be considered for only two limited purposes: That Euel Allen initially acquired an interest in the property in 2002 and that Euel Allen now owns the subject property free and clear of any trust as his sole and separate property. These documents are referred to in paragraph one of the Complaint. These documents support the claim of plaintiff as summarized in paragraph one of the Complaint.

2. Plaintiff objects to taking judicial notice of the document titled "Grant Deed--Name Change Only". This document is not referred to in the Complaint. Extrinsic evidence will be required to explain why plaintiff prepared and recorded this document. The mere existence of this deed proves nothing since Mr. Allen already owned the property. Ambiguities in the title, if any, as reflected in possible conflicts between the documents in paragraph 1 and paragraph 2 should be resolved in favor of plaintiff [Hearn v. RJ Reynolds

-2-

(D.AZ 2003) 279 Fed Supp 2d 1096].

3. The Deed of Trust attached is incomplete and plaintiff objects to its consideration by the Court. In particular, the "Balloon Rider" referenced in the document was not attached. Also, the copy attached does NOT have the document stamp from the Alameda County Recorder. Moreover, the required identification of the person requesting recording is missing, and the place for sending the notices of property taxes is also missing. In summary, this is NOT an accurate copy of the actual deed of trust referenced in the Complaint.

Documents not physically attached to the complaint may be considered as part of a FRCP 12(b)(6) motion only if the following requirements are met: [A] The complaint refers to the document; [B] The document is central to the claims of plaintiff; and [C] The authenticity of the copy attached to the motion is not questioned [Branch v. Tunnell (9th Cir 1994) 14 Fed 3d 449, 454, overruled on other grounds in Galbraith v County of Santa Clara (9th Cir 2002) 307 Fed 3d 1119, 1127; Bryant v Avado Brands (11th Cir 1999) 187 Fed 3d 1271].

4. Notice of Default, Assignment of Deed of Trust and Substitution of Trustee: Plaintiff objects to consideration of these documents since they are clearly incomplete. There is no copy of the stamp of the Alameda County Recorder. Thus, plaintiff has no way to know whether these documents were actually recorded, or if

-3-

they were ever served on plaintiff. Plaintiff is questioning the authenticity of each of these documents attached as requests numbered 4, 5, 6, and 7.

Matters of public record may be considered only if they are not subject to reasonable dispute [*Intri-Plex Technologies v Crest Group Inc* (9th Cir 2007) 499 Fed 3d 1048, 1052]. In this case, there is a reasonable dispute regarding the authenticity of the attached documents. Also, the documents are being used to support affirmative defenses rather then to contradict any allegation in the complaint. Ordinarily, a FRCP 12(b)(6) motion cannot be used for this purpose [*Xechem Inc v Bristol Meyers Squibb Co* (7th Cir 2004) 372 Fed 3d 899, 901]. For each of these reasons, the documents should not be considered.

5. Purchase and Assumption Agreement: We object to this document since it is clearly incomplete. In particular, page 34 through 37 identify the liabilities not assumed. These pages are missing. Also, this document is not referenced in the complaint and is not critical to the complaint. Moreover, there is no assurance that the Henderson Nevada subsidiary of Washington Mutual is the same company that acquired the loan at issue in this lawsuit.

This document is offered to support an affirmative defense that movants can legally buy the assets of their predecessor in interest, with a discharge of all the debts. We concede bankruptcy courts may have

-4-

1  this power. However, it is not clear that private
2  parties may reach this result by contract [Cf: Uniform
3  Fraudulent Conveyances Act, codified as California Civil
4  Code §3434 et seq].
5
6      For the reasons set forth, plaintiff prays that
7  the Court deny the Request for Judicial Notice of all the
8  proferred documents except the Revocable Intervivos
9  Trust, Declaration of Death of Settlor, and Trust
10 Transfer Deed referenced in paragraph 1.
11 DATED: July 21, 2009.

                                                  MOSS & MURPHY

                                      By _____
x/allen.obj                                Glen L. Moss

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-5-