UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUEL ALLEN,<br><br>    Plaintiff,<br><br> v.<br><br>UNITED FINANCIAL MORTGAGE CORP.;<br>ALLIANCE BANCORP; MORTGAGE<br>ELECTRONIC REGISTRATION SYSTEMS,<br>INC., CALIFORNIA RECONVEYANCE CO.;<br>GMAC MORTGAGE; JP MORGAN CHASE BANK<br>and DOES 1-25, inclusive,<br><br>    Defendants. | No. 09-2507 SC<br><br>ORDER GRANTING IN<br>PART AND DENYING IN<br>PART DEFENDANTS'<br><u>MOTIONS TO DISMISS</u> |

## I.  INTRODUCTION

Plaintiff Euel Allen ("Allen") brings this suit following the initiation of non-judicial foreclosure proceedings with respect to his home. See Notice of Removal, Ex. 1 ("Compl."). Now before the Court are two motions to dismiss. The first was filed by Defendant California Reconveyance Company ("CRC"). Docket No. 4 ("First Mot."). The second was filed by Defendants JP Morgan Chase Bank ("JP Morgan") and Mortgage Electronic Registration Systems, Inc. ("MERS," or collectively, "Defendants").[1] Docket No. 15 ("Second Mot."). Allen submitted an Opposition, Docket No. 17, and Defendants submitted a Reply, Docket No. 18. Other Defendants United Financial Mortgage Corp., Alliance Bancorp., and

---

[1] Both motions were prepared by the same attorneys, and make substantially identical arguments. The Court therefore focuses on the Second Motion, in which CRC has joined. See Second Mot. at 1.

1  GMAC Mortgage took no part in these motions.  Having considered
2  all papers submitted by the parties, the Court GRANTS the First
3  Motion and GRANTS IN PART and DENIES IN PART the Second Motion.

**II.  BACKGROUND**

Allen owned a house located in Oakland, California (the "property").  Compl. ¶ 1.  In mid-2006, Allen was contacted by unspecified real estate salesmen, and invited to refinance his mortgage.  Id. ¶ 15.  Allen did so, and received a loan for approximately $500,000 from lenders United Financial Mortgage Corporation and Alliance Bancorp.  Id. ¶ 4.  This loan was divided into two parts -- roughly $56,000 and $448,000 -- each of which was secured by a separate deed of trust on the property.  Id. ¶¶ 4-6.  MERS was the beneficiary under the deeds of trust.  Id. ¶ 11.  Allen believes that Washington Mutual was responsible for servicing the loans, and that JP Morgan is Washington Mutual's successor in this role.  Id. ¶ 13.

Allen alleges that Defendants made a number of false representations during the process of negotiating these loans, and failed to accurately describe the loan terms.  Id. ¶ 10.  He alleges that the $56,000 loan was offered as an "open ended loan in the nature of a Home Equity Line of Credit," though it was not treated this way.  Id. ¶ 6.  He claims that Defendants represented to him that they intended to retain the loan.  Id. ¶ 7.

At some point prior to January of 2009, Allen fell behind in his payments, and the loan or loans went into default.  See Request for Judicial Notice ("RJN"), Docket No. 16, Ex. 4 ("Notice

of Default").[2] CRC was thereafter substituted as the trustee under the deed of trust. RJN Ex. 6 ("Substitution of Trustee"). CRC recorded a Notice of Trustee Sale on May 13, 2009. Compl. ¶ 12; Compl. Ex. B. Allen filed this suit in the Superior Court for the County of Alameda on May 5, 2009. See Compl. Defendant CRC thereafter removed the suit to this Court, as Allen's Complaint raised various federal questions. See Notice of Removal at 2.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court need not accept as true legal conclusions couched as factual allegations. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. With regard to well-pleaded factual allegations, the court should assume their truth,

---

[2] Allen has opposed Defendants' RJN. Docket No. 18 ("Opp'n to RJN"). The Court addresses the RJN in Part IV.A, infra.

but a motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007).

**IV. Discussion**

    **A.    Defendants' Request for Judicial Notice**

Defendants request notice of a number of instruments, recorded in Alameda County, that affect the various parties' interest in the property. See RJN Exs. 1-6. "[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007). These documents are public records, and properly subject to judicial notice. See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co., 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005). Allen offers only perfunctory challenges to these documents. See Opp'n to RJN. The Court finds that none of these challenges raise a "reasonable dispute" with respect to the documents' authenticity. For example, Allen objects to notice of the Deed of Trust, RJN Ex. 3, on the grounds that it is missing a document stamp from the Alameda County Recorder and because it does not attach the Balloon Riders referenced in the document. Opp'n to RJN ¶¶ 3-4. However, the Balloon Riders are in fact attached. See Deed of Trust at 40-47. Allen clearly received and signed these documents, including the Riders, as they bear his

1 signature.  Id.  Finally, the documents show time stamps identical
2 to those reflected on the web page of the Clerk for the County of
3 Alameda.  Judicial notice of these documents is proper.

4 Allen also objects to notice of a Purchase Assumption
5 Agreement ("PAA") between JP Morgan and the Federal Deposit
6 Insurance Corporation ("FDIC"), RJN Ex. 7, which purports to limit
7 the liability assumed by JP Morgan when it acquired certain rights
8 and obligations of Washington Mutual.  Opp'n to RJN ¶ 5.  Allen
9 correctly notes that several pages are missing -- indeed,
10 Defendants neglected to attach the most important pages of the
11 PAA; i.e., those that contain the clauses that purport to limit JP
12 Morgan's liability.  Nevertheless, the Court grants Defendants'
13 RJN because the entire PAA is available online, from the FDIC's
14 web site, as reflected in the memorandum attached to the RJN.  RJN
15 at 3; see also New Mexico ex rel. Richardson v. BLM, 565 F.3d 683,
16 702 n.22 (10th Cir. 2009) (taking judicial notice of data on web
17 sites of federal agencies).

18 **B.  First Cause of Action for Violations of the Truth in Lending Act ("TILA") and the Home Ownership and Equity Protection Act ("HOEPA")**

20 TILA and HOEPA impose certain disclosure obligations upon
21 original lenders and their assignees.  See 15 U.S.C. §§ 1640(a),
22 1641(a).  Allen's first cause of action alleges violations of both
23 TILA and HOEPA "against all lenders."  Compl. at 6.  Although
24 Allen unambiguously alleges that United Financial Mortgage Corp.
25 and Alliance Bancorp (neither of which have joined in this motion)
26 served as lenders, he is "uncertain whether GMAC Mortgage [and] JP
27 Morgan Chase Bank . . . are assignees, transferees[,] servicers or

5

subservicers of these loans." Opp'n at 4-5. Allen claims that he is not in a position to identify the lenders with certainty at this time, and hopes to untangle these roles during the disclosure process which will take place under Rule 26 of the Federal Rules of Civil Procedure. Id. at 5. Given that the Court must read the Complaint in the light most favorable to Allen, and because neither MERS nor JP Morgan has raised the issue of whether TILA or HOEPA may apply to them, the Court will not resolve this issue at this time, and reads this as a good-faith allegation against both of these parties.[3]

### 1. Statute of Limitations

TILA and HOEPA both allow for two types of remedies: damages and rescission. 15 U.S.C. §§ 1635(f), 1640(a). Allen is seeking both remedies. Compl. ¶¶ 24, 28. However, at this point in time Allen may only seek the remedy of rescission. This is because, as Defendants point out, any claim for damages under these statutes is time-barred by a one-year statute of limitations, 15 U.S.C. § 1640(e). Second Mot. at 4. The loan was entered into in October of 2006, Compl. ¶ 4, and Allen did not file suit until May of 2009, well after the statute of limitations had expired. Allen claims that the statute of limitations can be equitably tolled, but offers no factual account that might support tolling. Allen's claim for damages is therefore barred. Allen's request for the remedy of rescission, on the other hand, is governed by a separate

---

[3] CRC claimed, in its motion, that it was not a defendant with regard to this cause of action. See First Mot. at 3. Allen did not object. Therefore, this Court will presume that Allen did not intend to state a claim against CRC by this cause of action.

three-year statute of limitations. 15 U.S.C. § 1635(f). Allen's claim for rescission is therefore not barred.

### 2.  Adequacy of Disclosures Under TILA and HOEPA

Allen raises a number of specific allegations related to information that was not included, or was incorrectly stated, in the TILA disclosures provided by Defendants. For example, Allen claims that he received two loans, or two parts of a loan, and that the only TILA disclosure that he received "completely ignored" the smaller portion. Compl. ¶ 9. Allen states that each portion was executed under its own deed of trust. Compl. ¶ 4. Defendants ignore this detail. Defendants submitted only one deed of trust to this Court, for the larger loan, and now assert that this document proves that they have lived up to their obligations under TILA. See Second Mot. at 4. Defendant has not submitted the second deed of trust for the Court's inspection.

If Allen were merely asserting that a single detail (such as the interest rate) had never been disclosed to him, then reference to the document that discloses the interest rate, with noticeable proof that he had received it, might have sufficed.[4] But Allen is claiming that Defendants' disclosures were either inaccurate or incomplete, and that they did not discuss or disclose a significant portion of the loan. Compl. ¶ 9; see 12 C.F.R. 226.18(b) (TILA's implementing regulation, requiring disclosure of loan amount). The document to which Defendants refer does nothing

---

[4] Defendants would also be well-advised to identify the specific disclosures, and the pages on which they were made, if they seek to refute particular misstatements or disclosure failures in the future.

7

1  to refute this claim.  Based on this deed of trust alone, the
2  Court cannot conclude that Defendants complied with TILA as to all
3  of the loans that Allen cites in his Complaint.  If it is the only
4  deed of trust, then the amount that it cites is different from the
5  amount cited in the Complaint.  If there is a separate deed of
6  trust, then this Court has not seen it.  In any event, the Court
7  finds that there are no grounds for dismissal.

### 3. **Applicability of HOEPA**

9  Defendants claim that HOEPA does not apply to Allen's loans,
10 because it exempts "residential mortgage transactions."  Second
11 Mot. at 5.  It is true that HOEPA does apply to a mortgage only if
12 it is "a consumer credit transaction that is secured by the
13 consumer's principal dwelling, other than a residential mortgage
14 transaction . . . ."  15 U.S.C. § 1602(aa)(1).  However, a
15 "residential mortgage transaction" is defined as "a [mortgage]
16 transaction . . . to finance the acquisition or initial
17 construction of such dwelling."  Id. § 1602(w).  Allen has
18 asserted that the transaction in question was related to a
19 property that he already possessed.  Compl. ¶ 15.  In addition,
20 Allen pleads that the total points and fees charged were in excess
21 of 8% of the total loan, as required by the statute.[5]  Id. ¶ 18;

---

[5] A mortgage also falls under HOEPA if "the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity on the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor." 15 U.S.C. § 1602(aa)(1)(A).  Allen apparently attempts to invoke this subsection in his Complaint, but fails to properly do so.  He alleges only "that the annual percentage rate . . . exceeded by more then [sic] 8 points the yield on Treasury securities having

8

15 U.S.C. §§ 1602(aa)(1). The Court therefore rejects this as a basis for dismissal of Allen's HOEPA claim.

The Court does not dismiss Allen's TILA and HOEPA cause of action as to rescission. The Court DISMISSES this claim only as to his request for damages. Should Allen amend his request for damages, he must allege a sufficient basis for equitable tolling.

### C. Second Cause of Action for Fraud

Allegations of fraud must meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Allen "must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). More specifically, Allen must include "the who, what, when, where, and how" of the fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citations omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994).

Allen does not allege that a particular individual, or even the employee of a particular company, committed this fraud. Instead, Allen alleges broadly that the fraud was committed by "Defendants." Compl. ¶¶ 30-33. In his defense, Allen cites a number of cases that suggest that it is not necessary to identify the precise corporate officer or agent who made a false statement. Opp'n at 9; Charpentier v. Los Angeles Rams Football Co., 75 Cal.

---

comparable periods of maturity . . . ." Compl. ¶ 18. This failure is immaterial, because he sufficiently pleads that "the total points and fees payable by the consumer at or before closing will exceed the greater of . . . 8 percent of the total loan amount" under 15 U.S.C. § 1602(aa)(1)(B). Compl. ¶ 15.

App. 4th 301, 312 (Ct. App. 1999)(allowing fraud claim to go forward against football franchise without stating which representative, in particular, made statement). He also cites a passage from Tarmann v. State Farm, which suggests that the pleading standards for fraud may be relaxed where "the defendant must necessarily possess full information concerning the facts of the controversy, or where the facts lie more in the knowledge of the opposite party." 2 Cal. App. 4th 153, 156 (Ct. App. 1991) (citation omitted).

Defendants claim that Allen has not pled fraud with the requisite specificity. This Court agrees. Not only has Allen failed to identify a particular individual who made the specific misrepresentations that he identifies -- he does not even specify which of the Defendants employed the individual, therefore undermining his suggestion that the Defendants who raise these motions to dismiss will better know who made these representations.[6] This is particularly true since Allen does not even allege with specificity what roles, if any, CRC, MERS, or Washington Mutual played in the initial negotiation of the loan.[7]

---

[6] The most specific misrepresentations cited by Allen are the terms included in a document entitled Addendum to Lenders Instructions, apparently drafted by United Financial Mortgage Corp. See Compl. Ex. A. This document does not suggest in any way that CRC, MERS, JP Morgan, or Washington Mutual committed fraud.

[7] Because Allen only alleges that JP Morgan is liable as a successor to Washington Mutual, Compl. ¶ 13, it would be Washington Mutual's conduct that most directly impacts JP Morgan's liability. JP Morgan claims that it cannot be held liable for any conduct of Washington Mutual, because the PAA that it entered into with the FDIC limits JP Morgan's liability. Second Mot. at 6. JP Morgan has provided no legal or regulatory context for its claim of immunity. More importantly, JP Morgan has not provided any

10

The second cause of action for fraud is therefore DISMISSED WITHOUT PREJUDICE as to CRC, MERS, and JP Morgan.

    **D.    Third Cause of Action for Violation of the Real Estate Settlement Procedures Act ("RESPA")**

Under RESPA, "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b)(1). Allen claims that all "[D]efendants failed to provide plaintiff a notice of assignment of the servicing rights and of the ownership of the security instruments" and that "said notices were not properly recorded as required by RESPA and California law." Compl. ¶ 3.

Defendants contend that Allen failed to allege any pecuniary loss attributable to the violation, and that this is fatal to Allen's RESPA claim. Reply at 8. RESPA states that anyone who violates RESPA shall be liable for damages to an individual who

---

explanation of the role that it played with respect to Allen's loans. Although the Court would welcome further briefing on this issue in future motions, under the PAA, JP Morgan has apparently "assume[d] all mortgaging servicing rights and obligations" of Washington Mutual, but not "any liability associated with borrower claims for payment of or liability to any borrower. . . ." PAA §§ 2.1, 2.5; see also Punzalan v. Federal Deposit Insurance Co., No. 09-0087, 2009 U.S. Dist. LEXIS 57829, *3 (W.D. Tex. July 9, 2009) ("Chase Bank purchased Washington Mutual on the condition that FDIC remain responsible for any 'Borrower Claims' . . . 'in connection with Washington Mutual's lending or loan purchase activities.' In exchange . . . Chase Bank promised to assume responsibility for all other liabilities, specifically including 'all mortgage servicing rights and obligations of Washington Mutual.'" (citations omitted)). Therefore, depending on how the PAA is construed, JP Morgan's liability may turn on the specific nature of JP Morgan's role. It would be premature to address this issue at this stage, especially given Allen's claim that JP Morgan may have operated as a loan servicer. Compl. ¶ 13.

11

brings an action under the section. See 12 U.S.C. § 2605(f). Although this section does not explicitly set this out as a pleading standard, a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim. For example, in Hutchinson v. Del. Sav. Bank FSB, the court stated that "alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiff must, at a minimum, also allege that the breach resulted in actual damages." 410 F. Supp. 2d 374, 383 (D.N.J. 2006). This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiffs can show that a failure of notice has caused them actual harm. See Singh v. Wash. Mut. Bank, No. 09-2771, 2009 U.S. Dist. LEXIS 73315, *16 (N.D. Cal. Aug. 19, 2009) (dismissing RESPA claim because, "[i]n particular, plaintiffs have failed to allege any facts in support of their conclusory allegation that as a result of defendants' failure to respond, defendants are liable for actual damages, costs, and attorney fees" (quotation marks and citation omitted)). "[C]ourts have interpreted this requirement [to plead pecuniary loss] liberally." Yulaeva v. Greenpoint Mortg. Funding, Inc., No. 09-1504, 2009 U.S. Dist. LEXIS 79094, *44 (E.D. Cal. Sept. 9, 2009). For example, in Hutchinson, Plaintiffs were able to plead such a loss by claiming that they had suffered negative credit ratings as a result of violations of RESPA. 410 F. Supp. 2d at 383.

Allen only offers the conclusory statement that "damages consist of the loss of plaintiff's home together with his attorney fees." Compl. ¶ 38. He has not actually attempted to show that

12

the alleged RESPA violations caused any kind of pecuniary loss (indeed, his loss of property appears to have been caused by his default). In addition, the Court notes that although Allen appears to be anticipating relief besides damages (i.e., equitable relief), see Compl. ¶ 38, he has not satisfied this Court that RESPA allows any other kind of relief. Allen will have an opportunity to show that he was actually damaged by the alleged failure of notice, as this claim is DISMISSED WITHOUT PREJUDICE.

### E.  Fourth Cause of Action for Violation of the Federal Fair Debt Collection Practices Act ("FDCPA")

Allen alleges that "all defendants" have violated the FDCPA, 15 U.S.C. 1692 et seq., by seeking more than the amount properly due, and that, in particular, MERS and California Reconveyance Co. violated the FDCPA by pursuing the balance of the loan without lawful authority and without providing notice required by a section of the California Civil Code. Compl. ¶ 40.

The parties focus primarily on whether a non-judicial trustee's sale can ever be considered "debt collection" under the FDCPA. See Opp'n at 16-18; Second Mot. at 9. The Court finds that it need not reach this issue.[8] Instead, the Court notes that the FDCPA applies only to "debt collectors," which include "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to

---

[8] The Court further notes that, because Allen's attorneys erroneously omitted a page when they submitted his Opposition, this issue may not have been fully or fairly briefed by both sides.

13

be owed or due another. . . ." 15 U.S.C. 1692a(6). However, the term "debt collectors" explicitly excludes "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." Thus, "[t]o state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a 'debt collector' collecting a 'debt.'" Ines v. Countrywide Home Loans, No. 08-1267, 2008 U.S. Dist. LEXIS 88739, *6 (S.D. Cal. Nov. 3, 2008) (citation omitted); see also Vaka v. Argent Mortg. Co., No. 09-309, 2009 U.S. Dist. LEXIS 37549, *8 (N.D. Cal. Apr. 14, 2009) (dismissing FDCPA claims against creditors). Although Allen brings this claim generally against all defendants, it is clear that at least some of the defendants must fall within the exclusion for creditors, and it is not even clear whether any Defendant is a "debt collector" within the meaning of the statute.

Before Allen may plead a violation of the FDCPA, he must, at the bare minimum, allege some facts suggest that a Defendant falls within the definition of "debt collector." Allen "do[es] not allege that [any defendant] is a debt collector, however, nor [does he] identify the provisions of the act that have purportedly been violated." Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008). Allen may attempt to remedy these infirmities. The fourth cause of action for violation of the FDCPA is DISMISSED WITHOUT PREJUDICE.

///

///

///

**V.      CONCLUSION**

For the reasons stated above, the Court GRANTS California Reconveyance Company's Motion to Dismiss, and GRANTS IN PART and DENIES IN PART the Motion to Dismiss filed by Mortgage Electronic Registration Systems and JP Morgan Chase Bank.

1.  The first cause of action, for violations of the Truth in Lending Act and the Home Ownership and Equity Protection Act, is DISMISSED WITHOUT PREJUDICE as to all Defendants to the extent that it asserts a claim for damages, but remains to the extent that it seeks only rescission.
2.  The second cause of action for fraud is DISMISSED WITHOUT PREJUDICE as to Defendants Mortgage Electronic Registration Systems, California Reconveyance Company, and JP Morgan Chase Bank only.
3.  The third cause of action for violation of the Real Estate Settlement Procedures Act is DISMISSED WITHOUT PREJUDICE as to all Defendants.
4.  The fourth cause of action for violation of the Federal Fair Debt Collection Practices Act is DISMISSED WITHOUT PREJUDICE as to all Defendants.
5.  The Court does not reach Allen's fifth cause of action for constructive fraud, as no Defendant has moved to dismiss it.

///

///

///

Allen has leave to amend his Complaint. Should Allen choose to amend any portion of his Complaint, he is instructed to clearly separate his claims, and to indicate the Defendants against whom each claim is asserted. In addition, in seeking to establish a violation of any statutory scheme, Allen must clearly indicate the specific requirements and subsections that he is alleging were violated.

IT IS SO ORDERED.

September 15, 2009

_____
UNITED STATES DISTRICT JUDGE

16